WENTWORTH, Judge.
Employer/carrier appeal a workers’ compensation order which found that claimant is a non-exempt employee covered by the provisions of Chapter 440. We affirm the order appealed.
Claimant is the owner and president of his own incorporated business, and first purchased workers’ compensation coverage in 1983, at which time he filed a notice of personal exemption from coverage. When claimant’s policy was due for renewal, claimant expressed a desire to obtain workers’ compensation coverage for himself. An insurance binder was thus prepared which listed claimant and another worker and included their individual salaries in the payroll total. A policy was subsequently issued by the carrier and claimant timely paid his premiums. Neither the endorsement nor the policy itself listed any individual employee. Claimant never filed any written waiver of the previous notice of exemption from coverage.
Section 440.05, Florida Statutes, provides that: r
(1) Every corporate officer who elects not to accept the provisions of this chapter or who, after electing such exemption, then revokes that exemption, shall mail to the Division in Tallahassee notice to such effect....
The carrier suggests that § 440.05(1) establishes the exclusive method by which a corporate officer may regain coverage after electing an exemption. However, § 440.04, Florida Statutes, relied upon by the deputy, provides that:
(2) When any policy or contract of insurance specifically secures the benefits of this chapter to any person not included in the definition of ‘employee’ ... or who is otherwise excluded or exempted from the operation of this chapter, the acceptance of such policy or contract of insurance by the insured and the writing of same by the carrier shall constitute a waiver of such exclusion or exemption and an acceptance of the provisions of this chapter with respect to such person, notwithstanding the provision of s. 440.05 with respect to notice.
*849 (3) A corporate officer who has exempted himself by proper notice from the operation of this chapter may at any time revoke such exemption and thereby accept the provisions of this chapter by giving notice as provided in s. 440.05.
The corporate officer provisions of § 440.-05 and § 440.04(3) were enacted in 1974; § 440.04(2) pre-dates those provisions, and it would thus appear that the qualifying phrase “notwithstanding the provision of s. 440.05 with respect to notice” refers to a notice provision, unrelated to the corporate officer election, which was included in § 440.05 prior to 1974 and which is no longer therein contained. The carrier argues that as the most recent legislative expression the corporate officer election provisions establish the sole method by which coverage may be regained after an elected exemption. But the statutes do not so provide, and § 440.04(2) expressly embraces “any person ... excluded or exempted” from coverage. Insofar as § 440.-02 is written without limitation, it would appear to encompass exempted corporate officers. If the legislature had intended to restrict § 440.04(2) so as not to encompass exempted corporate officers it could have so provided by express statutory reference when enacting the corporate officer election provisions in 1974. The legislature having declined to provide any clear directive in this regard, such intent should not be presumed in the face of the unlimited language of broad scope contained in § 440.04(2).
The deputy further found that claimant’s desire for personal coverage had been communicated to carrier’s agent, that claimant’s name and salary were included on documents prepared by the agent, and that the agent assured claimant that he would be covered. Although the evidence does not establish whether the agent conveyed this information to the carrier, other than to include claimant’s salary in the total payroll used to determine the premium, an insurer is generally charged with knowledge which has been communicated to the agent by the insured. See, e.g., General Insurance Co. v. Ramanovski, 443 So.2d 302 (Fla. 3d DCA 1984). Insofar as the binder documents might be considered a part of the contract of insurance, coverage for claimant would be “specifically” secured in that his name is included therein. And in the circumstances presented, as in Ramanovski, the carrier should not be allowed to void its obligation based upon its own failure to specify coverage in the final policy document.
Affirmed.
NIMMONS and ZEHMER, JJ., concur.